| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF ORANGE | 24 CVS _____ |
| | |
| UNIVERSITY OF NORTH CAROLINA HOSPITALS AT CHAPEL HILL, | |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **Jury Trial Demanded** |
| UNITEDHEALTHCARE OF NORTH CAROLINA, INC.; UNITEDHEALTHCARE INSURANCE COMPANY OF THE RIVER VALLEY; and UNITED HEALTHCARE INSURANCE COMPANY, | |
| Defendants. | |

Plaintiff University of North Carolina Hospitals at Chapel Hill ("UNC Hospitals" or "Plaintiff") files this Complaint against Defendants UnitedHealthcare of North Carolina, Inc.; UnitedHealthcare Insurance Company of the River Valley; and United HealthCare Insurance Company (collectively, "United" or "Defendant") and alleges as follows:

## PARTIES

1. Plaintiff UNC Hospitals is an academic medical center and quaternary care hospital located in Orange County, North Carolina.

2. UNC Hospitals is a component unit of the University of North Carolina Health Care System. N.C. Gen. Stat. § 116-350.

3. Defendant UnitedHealthcare of North Carolina, Inc. is a corporation with its principal place of business located at 3803 North Elm Street, Greensboro, NC 27455.

4. On information and belief, Defendant UnitedHealthcare Insurance Company of the River Valley is an affiliate corporation of UnitedHealthcare of North Carolina, Inc.

5. On information and belief, Defendant United HealthCare Insurance Company is an affiliate corporation of UnitedHealthcare of North Carolina, Inc.

6. UNC Hospitals and United are parties to that certain Facility Participation Agreement ("Agreement") effective on or about September 1, 2004. UNC Hospitals and United subsequently executed various amendments to the Agreement, including:

    a. the Seventh Amendment to the Facility Participation Agreement effective on October 1, 2014, which contains a "Payment Appendix – Medicare Advantage;" and

    b. the Amendment to the Facility Participation Agreement effective on August 15, 2019, which likewise contains a "Payment Appendix – Medicare Advantage."

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action and over the parties.

8. The Superior Court Division has jurisdiction because Plaintiff's claim exceeds $25,000.

9. Venue is proper in Orange County Superior Court because Plaintiff resides in Orange County and the causes of action described herein arose in substantial part in Orange County.

10. Defendant is subject to this Court's specific jurisdiction because the causes of action herein arise directly from Defendant's purposeful contacts relating to Plaintiff in North Carolina.

2

Case 1:25-cv-00107-WO-JLW    Document 7    Filed 02/13/25    Page 2 of 16

11. Defendant is subject to this Court's general personal jurisdiction because it is constructively "at home" because of continuous and systematic contacts in this State with respect to Plaintiff.

12. Defendant maintains a North Carolina registered agent for service of process.

**FACTUAL BACKGROUND**

13. As an alternative to traditional Medicare, eligible individuals may instead elect to enroll in "Medicare Advantage," also known as Medicare Part C. Medicare Advantage is a Medicare-approved plan administered by a private company—known as a Medicare Advantage Organization ("MAO")—that provides health and drug coverage to such individuals on behalf of the Centers for Medicare and Medicaid Services ("CMS").

14. Defendant serves as an MAO pursuant to a contract it maintains with CMS (Defendant's "MAO Agreement").

15. As an MAO, Defendant maintains various Medicare Advantage plans, through which Defendant administers Medicare benefits on behalf of CMS to individuals who have elected to enroll in such plans in lieu of enrolling in traditional Medicare (Defendant's "Medicare Advantage Program").

16. Providers such as Plaintiff provide health care services to members of Defendant's network—including individuals enrolled in Defendant's Medicare Advantage Program—through provider agreements such as the Agreement.

17. As an MAO, Defendant is obligated to pay contracted providers, such as Plaintiff, the rates agreed to in the Agreement.

3

18. However, from 2018 through 2022, during the Agreement's applicability (the "Improper Discount Period"), Defendant improperly and unilaterally discounted payments for certain of Plaintiff's claims at its covered hospitals.

19. Defendant thus owes Plaintiff for underpayments under the Medicare Advantage Program during the Improper Discount Period.

20. Specifically, the claims at issue here fall within an identical pattern in that they are claims for pharmaceuticals that were purchased under the federal 340B drug purchasing program (the "340B Program").

21. Under the 340B Program, claims for certain pharmaceuticals are reimbursed under the Medicare program at a rate of the average sales price ("ASP") plus 6%.

22. Under the Agreement, Defendant is required to reimburse Plaintiff for outpatient services, including pharmaceuticals purchased under the 340B Program and used in a hospital outpatient department, as a percentage of the rate required to be paid under the Medicare program.

23. During the Improper Discount Period, however, Defendant improperly reimbursed Plaintiff for these claims predicated on an ASP minus 22.5% (the "Improper Payment Reduction") instead of ASP plus 6%.

24. As such, Defendant has systematically underpaid Plaintiff in violation of the Agreement and applicable law.

25. During the Improper Discount Period, Defendant applied the Improper Payment Reduction to Plaintiff's reimbursement for 340B drugs under the following faulty rationales: (a) Defendant assumed that CMS properly applied the same Improper Payment Reduction in the fee-for-service Medicare program; and (b) Defendant thus incorrectly believed it could likewise impose the Improper Payment Reduction under the Agreement's terms.

26. However, CMS's imposition of the Improper Payment Reduction was determined to be unlawful. On June 15, 2022, the United States Supreme Court unanimously held that CMS never had the authority to impose the Improper Payment Reduction under the Medicare program. *See Am. Hosp. Ass'n v. Becerra*, 596 U.S. 724, 142 S. Ct. 1896 (2022).

27. In the aftermath of that opinion, CMS interpreted and effectuated the United States Supreme Court's decision by rule and declared the Improper Payment Reduction to be an "unlawful 340B Payment Policy." 88 Fed. Reg. 77150, 77152 (Nov. 8, 2023).

28. To remedy the impact of the unlawful 340B Payment Policy under the Medicare program, CMS elected to make a lump-sum payment to affected hospitals, including Plaintiff, during the first quarter of 2024, equal to the difference between (i) what they were actually paid due to the Improper Payment Reduction during the Improper Discount Period, and (ii) what they would have been paid had the Improper Payment Reduction not been applied during the Improper Discount Period (i.e., ASP plus 6%). 88 Fed. Reg. 77150, 77156-67 (Nov. 8, 2023).

29. Because Defendant's actions purport to derive directly from CMS's admittedly unauthorized actions, Defendant's actions also violate the Agreement and applicable law.

30. As a result of Defendant's improper interpretation of the Agreement, Defendant has underpaid Plaintiff for Medicare Advantage members' 340B drugs for the Improper Discount Period.

31. Defendant has no authority, in law or in the Agreement, to underpay Plaintiff in this manner.

32. Defendant therefore owes Plaintiff full payment for all underpaid claims during the Improper Discount Period and is required to compensate Plaintiff for such underpayments.

33. Plaintiff has been damaged because of Defendant's breach and improper actions.

5

34. As of the time of this Demand, Plaintiff's calculated arrearages in this regard are in excess of $16 million.

## CAUSES OF ACTION

### COUNT #1
### Breach of Contract

35. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

36. The Agreement is an enforceable contract, through which Defendant agreed to pay Plaintiff as specified therein.

37. Plaintiff has fully performed its contractual obligations to Defendant under the terms of the Agreement.

38. Defendant's failure and refusal to pay all amounts due to Plaintiff under the Agreement constitutes a breach of the Agreement.

39. Plaintiff has suffered damages as a direct and proximate result of Defendant's breach of the Agreement in an amount exceeding $25,000.

### COUNT #2
### Specific Performance

40. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

41. Defendant failed to pay all amounts due Plaintiff under the Agreement, thereby breaching the Agreement, and Plaintiff is thus entitled to specific performance of those underpayments.

42. Plaintiff has performed all services necessary in order to be fully paid for its services under the Agreement.

6

43. Accordingly, Plaintiff is entitled to an order of specific performance mandating that Defendant comply with its obligations under the Agreement.

## COUNT #3
### (Declaratory Judgment)

44. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

45. This is a count for declaratory relief pursuant to Rule 57 of the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. § 1-253, the Agreement, and those laws pertaining to the Medicare Advantage Program, requiring Defendant to reimburse Plaintiff at the rates provided in the Agreement.

46. As a direct and proximate result of Defendant's acts and omissions, including but not limited to Defendant's failure to pay Plaintiff the contractual amounts for its services, Plaintiff has sustained, and will continue to sustain, damages and has been deprived, and will continue to be deprived, of the compensation to which Plaintiff is entitled for its services rendered to Defendant's Medicare Advantage patients under the Agreement.

47. The existence of another potentially adequate remedy does not preclude an award for declaratory relief.

48. Plaintiff is entitled to declaratory relief, including a declaration that Defendant owes Plaintiff the difference between the amount that Defendant has paid Plaintiff for services rendered to Defendant's Medicare Advantage patients and the amounts Defendant is obligated to pay Plaintiff for such patients and services under the Agreement.

# COUNT #4
## Unfair Methods of Competition and Unfair or Deceptive Acts
## Under Chapter 75 and the Claims Act

### N.C. Gen. Stat. §§ 75-1.1, 75-16, and § 58-63-15(11)

49. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

50. Pursuant to N.C. Gen. Stat. § 75-1.1, Defendant is prohibited from engaging in unfair or deceptive acts or practices, or unfair methods of competition, in or affecting commerce.

51. Defendant has nevertheless engaged, and continues to engage, in unfair and deceptive acts or practices and unfair methods of competition in or affecting commerce by failing to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients.

52. Defendant's conduct described herein violates N.C. Gen. Stat. § 75-1.1 in numerous, independent ways: (a) as a per se violation; (b) as unfair conduct; (c) as deceptive conduct; and (d) as unfair methods of competition.

53. Upon information and belief, Defendant is, or was at relevant times in this dispute, a licensed Medicare Advantage insurer under the North Carolina Insurance Statutes, Chapter 58.

54. Defendant is prohibited from engaging in unfair claims settlement practices against Plaintiff pursuant to N.C. Gen. Stat. § 58-63-15(11). Violations of N.C. Gen. Stat. § 58-63-15(11) constitute *per se* violations of N.C. Gen. Stat. § 75-1.1.

55. Defendant's unfair claims settlement practices under N.C. Gen. Stat. § 58-63-15(11) proximately caused actual injury to Plaintiff by Defendant's failure to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients.

56. As it pertains to Plaintiff, Defendant has violated N.C. Gen. Stat. § 75-1.1 by engaging in unfair and deceptive acts and practices and unfair methods of competition in the business of insurance prohibited by N.C. Gen. Stat. § 58-63-15(11) and other laws including, without limitation: (1) Misrepresenting pertinent facts or insurance policy provisions relating to

8

coverages at issue; (2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (4) Refusing to pay claims without conducting a reasonable investigation based upon all available information; (5) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; (6) attempting to settle a claims for less than the amount to which a reasonable man would have believed he was entitled; and (7) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

57. Specifically, Defendant has violated N.C. Gen. Stat. § 75-1.1 by engaging in unfair and deceptive acts and practices and unfair methods of competition in the business of insurance prohibited by N.C. Gen. Stat. § 58-63-15(11) and other laws by failing to properly pay Plaintiff for services rendered contractually to Defendant's Medicare Advantage patients.

58. Defendant has acted in violation of N.C. Gen. Stat. § 75-1.1 and N.C. Gen. Stat. § 58-63-15(11) in a number of ways, described more fully above, including failing to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients under false pretenses.

59. Defendant's violations of § 58-63-15(11), by failing to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients under false pretenses, have deprived Plaintiff of its reasonable expectations and benefits from rendering services to Medicare Advantage patients, and Plaintiff is thus entitled to relief pursuant to N.C. Gen. Stat. § 75-16.

60. On information and belief, Defendant's unfair and deceptive trade practices are intentional, as Defendant seeks to unlawfully retain tens of millions of dollars as a windfall—even

9

Case 1:25-cv-00107-WO-JLW    Document 7    Filed 02/13/25    Page 9 of 16

in the face of a U.S. Supreme Court decision and CMS action making clear the retention of such funds are unlawful—knowing full well that such funds are rightfully owing to Plaintiff.

61. Plaintiff has been injured by the Defendant's unfair and deceptive trade practices, resulting in damages exceeding $25,000.

## COUNT #5
## Unfair Methods of Competition and Unfair or Deceptive Acts
## Under Chapter 75

## Under N.C. Gen. Stat. §§ 75-1.1, 75-16

62. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

63. Pursuant to N.C. Gen. Stat. §75-1.1, Defendant is prohibited from engaging in unfair or deceptive acts or practices, or unfair methods of competition, in or affecting commerce.

64. Defendant has nevertheless engaged, and continues to engage, in unfair and deceptive acts or practices and unfair methods of competition in or affecting commerce by failing to properly pay Plaintiff for services rendered to Defendant Medicare Advantage patients.

65. Defendant's conduct described herein violates N.C. Gen. Stat. § 75-1.1 in numerous, independent ways: (a) as a per se violation; (b) as unfair conduct; (c) as deceptive conduct; and (d) as unfair methods of competition.

66. Defendant engaged, and is engaging, in unfair and deceptive practices and unfair methods of competition against Plaintiff under N.C. Gen. Stat. § 75-1.1, by failing to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients.

67. Defendant's unfair and deceptive practices and unfair methods of competition proximately caused actual injury to Plaintiff by Defendant's failure to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients.

10

68. Defendant has acted in violation of N.C. Gen. Stat. § 75-1.1 in a number of ways, described more fully above, including failing to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients under false pretenses.

69. Defendant's unfair and deceptive acts and practice and unfair methods of competition in violation of the Medicare Advantage laws and guidance, by failing to properly pay Plaintiff for services contractually rendered to Defendant's Medicare Advantage patients under false pretenses, have deprived Plaintiff of its reasonable expectations and benefits from rendering services to Medicare Advantage patients, and Plaintiff is thus entitled to relief pursuant to N.C. Gen. Stat. § 75-16.

70. On information and belief, Defendant's unfair and deceptive trade practices are intentional, as Defendant seeks to unlawfully retain tens of millions of dollars as a windfall—even in the face of a U.S. Supreme Court decision and CMS action making clear the retention of such funds are unlawful—knowing full well that such funds are rightfully owing to Plaintiff.

71. Plaintiff has been injured by the Defendant's unfair and deceptive trade practices, resulting in damages exceeding $25,000.

## COUNT #6
## Breach of Fiduciary Duty

72. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

73. Under the Agreement, Defendant is a fiduciary entrusted with the obligation to pay the proper amounts for medically necessary services, covered services, or covered benefits as defined by the Agreement between Plaintiff and Defendant and Defendant's MAO Agreement with CMS and/or Medicare Advantage laws and guidance.

74. Defendant further owes Plaintiff the following fiduciary duties: duty of care; duty of loyalty; duty to account; duty of full disclosure; duty to act fairly; and duty of good faith and fair dealing.

75. Defendant breached and abused its fiduciary duties to Plaintiff by failing to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients, arbitrarily and capriciously, in bad faith, and under false pretenses in order to maximize its profits, and without due regard to Plaintiff's interests.

76. In that respect, Defendant has breached and abused the following fiduciary duties to Plaintiff: duty of care; duty of loyalty; duty to account; duty of full disclosure; duty to act fairly; and duty of good faith and fair dealing.

77. Plaintiff has suffered, and will continue to suffer, substantial damages because of Defendant's violations of its fiduciary duties to Plaintiff, including (but not limited to) Defendant's failure to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients.

78. Plaintiff has been injured by the Defendant's breaches of fiduciary duty, resulting in damages exceeding $25,000.

## COUNT #7
## Constructive Fraud

79. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

80. Under the Agreement, Defendant is a fiduciary entrusted with the obligation to pay the proper amounts for medically necessary services, covered services, or covered benefits as defined by the Agreement between Plaintiff and Defendant and Defendant's MAO Agreement with CMS and/or Medicare Advantage laws and guidance.

81. Defendant further owes Plaintiff the following fiduciary duties: duty of care; duty of loyalty; duty to account; duty of full disclosure; duty to act fairly; and duty of good faith and fair dealing.

82. Defendant breached and abused its fiduciary duties to Plaintiff by failing to properly pay Plaintiff for services contractually rendered to Defendant's Medicare Advantage patients, arbitrarily and capriciously, in bad faith, and under false pretenses in order to maximize their profits, and without due regard to Plaintiff's interests.

83. In that respect, Defendant has breached and abused, and continues to breach and abuse, its following fiduciary duties to Plaintiff: duty of care; duty of loyalty; duty to account; duty of full disclosure; duty to act fairly; and duty of good faith and fair dealing.

84. Defendant has improperly benefited from this breach.

85. Plaintiff has suffered, and continues to suffer, substantial damages because of Defendant's violations of its fiduciary duties to Plaintiff by reference all other allegations as if set forth fully herein.

86. Plaintiff has suffered, and continues to suffer, substantial damages because of Defendant's violations of their fiduciary duties to Plaintiff, including (but not limited to) Defendant's failure to properly pay Plaintiff for services contractually rendered to Defendant's Medicare Advantage patients.

87. Each Plaintiff has been injured by the Defendant's breaches of fiduciary duty, resulting in damages exceeding $25,000.

## COUNT #8
## Breach of the Duty of Good Faith and Fair Dealing

88. Plaintiff incorporates by reference all other allegations as if set forth fully herein.

89. Defendant's Agreement with Plaintiff and Defendant's MAO Agreement with CMS and/or Medicare Advantage laws and guidance contain an implied duty of good faith and fair dealing with respect to providers such as Plaintiff in providing Medicare Advantage services for Defendant.

90. Defendant, as a fiduciary under Defendant's Agreement with Plaintiff and Defendant's MAO Agreement with CMS, owed, and owes, Plaintiff a duty of good faith and fair dealing with respect to the Medicare Advantage Program.

91. Defendant breached its duty of good faith and fair dealing owed to Plaintiff in a number of ways, described more fully above, including Defendant's failure to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients under false pretenses.

92. Defendant's actions in failing to properly pay Plaintiff for services rendered to Defendant's Medicare Advantage patients were, and continue to be, willful, wanton and in conscious disregard of their duty to pay Plaintiff the proper Medicare payments.

93. Defendant's conduct in derogation of its duty of good faith and fair dealing under the Medicare Advantage Program has deprived Plaintiff of its reasonable expectations and benefits under the Medicare Advantage Program.

94. Plaintiff has been injured by the Defendant's breaches of its duty of good faith and fair dealing, resulting in damages exceeding $25,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands an award in its favor against Defendant as follows:

A. Declaring that Plaintiff is entitled to declaratory relief, including a declaration that Defendant breached the Agreement and thus owes Plaintiff the difference between the amount that Defendant has paid Plaintiff for services rendered to Defendant's Medicare Advantage

14

patients and the amounts Defendant is contractually obligated to pay Plaintiff for such patients and services;

  B. Awarding lost profits and compensatory damages in such amounts as the proofs at the trial shall show;

  C. Awarding exemplary damages for Defendant's intentional and tortious conduct in such amounts as the proofs at trial shall show;

  D. Awarding restitution for reimbursements improperly withheld by Defendant;

  E. Requiring Defendant to pay Plaintiff the amounts as required under the Agreement;

  F. Awarding treble damages pursuant to N.C. Gen. Stat. § 75-16;

  G. Awarding reasonable attorneys' fees, as provided by common law, statute, or equity, including N.C. Gen. Stat. § 75-16;

  H. Awarding costs of the trial;

  I. Awarding pre-judgment and post-judgment interest as provided by common law, statute or rule, or equity;

  J. For a trial by jury for any issues so triable; and

  K. Awarding all other relief to which Plaintiff is entitled.

This the 22nd day of November, 2024.

                                              **K&L GATES LLP**

By:    */s/ Gary S. Qualls*
        Gary S. Qualls
        N.C. State Bar No. 16798
        gary.qualls@klgates.com
        Nate A. Huff
        N.C. State Bar No. 40626
        nate.huff@klgates.com
        Anderson M. Shackelford
        N.C. State Bar No. 49510
        anderson.shackelford@klgates.com
        430 Davis Drive
        Morrisville, NC 27560
        Telephone: (919) 466-1195
        Facsimile: (919) 516-2072

        *Attorneys for Plaintiff University of North Carolina Hospitals at Chapel Hill*